PER CURIAM.
Appellant Willie Leath was convicted on his plea of guilty to possession of cocaine and misdemeanor possession of an unlawful drivers license. He was given a downward departure sentence of two years community control, followed by three years probation. The community control order was dated September 13,1993.
An affidavit of violation of community control was filed with the clerk of the circuit court on September 12, 1995, the last day of his two year term. The affidavit alleged that Leath was absent from his home on two instances without having obtained permission from his community control officer and that he had failed to report for one of his weekly meetings with his officer. The arrest warrant was not signed by the judge until September 18, 1995. On October 20, 1995, the trial court *71 revoked Leath’s community control and sentenced him to a four year prison term.
This court granted Leath’s petition for habeas corpus for a belated appeal of the revocation order. Thereupon, this court issued an order directing the public defender to file a supplemental brief addressing the question of whether the community control term had already expired before the affidavit of violation was filed. In its supplemental brief, the public defender responded that because the sentence for community control had expired, the trial court lacked jurisdiction to revoke community control.
The state admits and we agree that the trial court was without jurisdiction to revoke Leath’s community control. In State v. Boyd, 717 So.2d 524 (Fla.1998), the Florida Supreme Court held that an arrest warrant is not issued for the purpose of setting in motion the revocation process until a judge has signed the warrant and the warrant has been delivered to the proper executive officer for execution. The trial court lacks jurisdiction to revoke probation or community control unless the revocation process is set in motion during the probationary period. Id. at 526. In this case, the record shows that the warrant could not have been delivered to the sheriff before Leath’s community control expired, because it was not signed by the judge until after the expiration had already occurred.
We therefore reverse the order revoking community control and remand for hearing forthwith. At that hearing, the trial court shall reinstate Leath’s probation with credit for the time he has served in prison on the community control violation.
Leath has advised this court that he is currently serving an additional prison term for a control release violation (CRD). At the hearing on remand, the trial court also shall determine whether the CRD violation is a product of the community control violation that now has been reversed. If so, Leath should also be discharged from that sentence. If the CRD violation was independent from the community control violation, the trial court should order that Leath receive credit against that term for the time he has served on the community control violation.
REVERSED and REMANDED.
STONE, C.J., DELL and GUNTHER, JJ., concur.